UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

1:20-cv-23507

MARTIN H. VARGAS JIMENEZ,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
a for-profit Bermuda company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Martin H. Vargas Jimenez, sues Defendant, NCL (Bahamas) Ltd., a for-profit Bermuda company doing business as Norwegian Cruise Line ("Norwegian"), and states:

### I. Parties, Jurisdiction, and Venue

1. Plaintiff is a *sui juris* Florida citizen.

2. Plaintiff resides in Palm Beach County, Florida.

3. Norwegian is a for-profit company organized and existing under the laws of Bermuda.

4. Norwegian's headquarters are in Miami-Dade County, Florida.

5. Norwegian's principle place of business is in Miami-Dade County.

6. Norwegian owns and operates the *Norwegian Sky*, a maritime passenger vessel flying a Bahamian flag of convenience.

7. On December 22, 2019, Plaintiff was a fare-paying passenger onboard the *Sky* as part of a Norwegian-directed and -controlled Caribbean voyage, deemed SKY191220 by Norwegian, that had embarked on December 20, 2019 from the Port of Miami in Miami-Dade County.

8. At the time of the incident giving rise to this action, the *Sky* was sailing in navigable international waters, with its operator engaged in traditional maritime activity that bore a propensity to significantly disrupt maritime commerce. Accordingly, this action is subject to the federal district courts' original admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1).

9. On January 22, 2020, within six months of the December 22, 2019 incident giving rise to this action and in accordance with the putative notice-of-claim provision in the contract between Norwegian and Plaintiff that purports to govern the subject voyage, Plaintiff provided notice of the potential claim against Norwegian that he alleges in detail herein. Norwegian acknowledged such notice on February 10, 2020.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because based on an explicit provision of the aforementioned contract of passage and because Norwegian engages, and at all times material hereto did engage, in substantial and not-isolated business in the district; maintains, and at all times material hereto maintained, its principal place of business in the district; and committed one or more of the acts or omissions giving rise to this action within the district.

## II. General Allegations

11. Plaintiff hereby incorporates by reference Paragraphs 1 through 10 as though fully set forth herein.

12. On or about December 22, 2019, while the *Sky* was sailing in navigable waters, Plaintiff fell while showering in the shower of his assigned stateroom notwithstanding exercising utmost reasonable care in furtherance of his personal safety. The fall came just as the ship lurched violently and drastically on account of rough seas and/or poor navigation, neither of which were the subjects of any prior warning by Norwegian.

13. Secondary to, and as a direct and proximate result of, said fall, Plaintiff suffered:

   a. A compound, severely comminuted fracture of his right femur, necessitating emergency surgery and culminating in a total hip replacement;

   b. Substantial sequalae, which has resulted and will result in substantial present and future suffering;

   c. Loss of income, earnings, and other employment benefits;

   d. Substantial medical costs and other economic damages;

   e. Loss of capacity for the enjoyment of life; and

   f. Pain, suffering, and mental anguish.

### III. Claims

COUNT 1: NEGLIGENT VESSEL DESIGN

14. Plaintiff incorporates by reference Paragraphs 11 through 13 as though fully set forth herein.

15. Norwegian designed and built every aspect of the *Sky*—or, in the alternative, approved such design and construction through its learned professionals—including each element and apparatus of the bathroom in the stateroom to which Plaintiff was assigned during the subject cruise.

16. At all material times, Norwegian, as the designer, builder, and/or operator of a cruise ship sailing in navigable waters, owed Plaintiff a duty to exercise reasonable care.

17. As part of such undertaking, Norwegian bore a specific duty to design and build a vessel that is reasonably safe for passengers when utilized by said passengers in a reasonably foreseeable manner.

18. Norwegian breached that duty by:

   a. Failing to design and build grab bars in the subject shower that conform with, *inter alia,* the industry standard ASTM International F466-19: Standard Consumer Safety Specification for Grab Bars and Accessories Installed in the Bathing Area, which standard, utilized and adhered to by agencies of the United States Department of Defense, provides a specification of minimum reasonable safety in a stable terrestrial condition, and thus is complied with by any responsible proprietor in any more treacherous environment, such as the open-sea environment in which Norwegian knew the *Sky* would operate;

   b. Failing to design and build the floor in the subject shower such that it is sufficiently slip resistant in a wet state; and

   c. Failing to otherwise take reasonable precautions in designing and building the subject shower to prevent falls by passengers exercising reasonable care.

19. As a direct and proximate result of Norwegian's breach of its duty of reasonable care, Plaintiff fell and sustained the damages described in Paragraph 13, *supra.* Plaintiff's losses are either permanent or continuing in nature, and Plaintiff will suffer additional losses in the future as a proximate result of the actions of Norwegian.

COUNT 2: NEGLIGENT FAILURE TO MAINTAIN VESSEL

20. Plaintiff incorporates by reference Paragraphs 11 through 13 as though fully set forth herein.

21. Norwegian, as the operator of a cruise ship sailing in navigable waters, owed Plaintiff a duty to exercise reasonable care at all times material hereto.

22. As part of such undertaking, Norwegian bore a specific duty to maintain the vessel free of unreasonably dangerous conditions about which Norwegian had actual or constructive knowledge.

23. Norwegian breached that duty by:

   a. Failing to render the shower floor sufficiently slip-resistant in a wet state, despite knowing that the shower floor's slipperiness constituted an unreasonably dangerous condition on account of volume of falls in substantially similar Norwegian showers under substantially similar conditions and in the absence of negligence by the falling passengers, as evidenced by, *inter alia,* Norwegian signs admitting such shower floors are slippery when wet; and

   b. Failing to provide grab-bars in the shower, despite knowing that the lack of grab-bars constituted an unreasonably unsafe condition on account of a large volume of falls—preventable via such grab bars—in substantially similar Norwegian showers under substantially similar conditions and in the absence of negligence by the falling passengers, as evidenced by, *inter alia,* Norwegian signs admitting such shower floors are slippery when wet.

24. As a direct and proximate result of Norwegian's breach of its duty of reasonable care, Plaintiff fell and sustained the damages described in Paragraph 13, *supra.* Plaintiff's

losses are either permanent or continuing in nature, and Plaintiff will suffer additional losses in the future as a proximate result of the Norwegian's breach.

### COUNT 3: NEGLIGENT OPERATION OF VESSEL

25. Plaintiff incorporates by reference Paragraphs 11 through 24 as though fully set forth herein.

26. At all material times, Norwegian, as the operator of a cruise ship sailing in navigable waters, owed Plaintiff a duty to exercise reasonable care.

27. As part of such undertaking, Norwegian bore a specific duty to operate the vessel in rough waters in a manner that avoided unreasonable bouncing and jolting of passengers so as to avoid creating an unreasonable risk of passenger falls.

28. Norwegian breached that duty by failing to navigate the vessel, in rough waters at the time of the subject incident, in a manner so as prevent passengers who are exercising reasonable care for their safety, as we Plaintiff while showering at the time of his fall, from nonetheless falling. This failure came despite Norwegian's actual or constructive knowledge that that the bathroom in Plaintiff's stateroom was, as described *supra,* designed, built, and maintained in a manner that posed an unreasonable risk of passenger falls, especially in rough seas.

29. As a direct and proximate result of Norwegian's breach of its duty of reasonable care, Plaintiff sustained the damages described in Paragraph 13, *supra.* Plaintiff's losses are either permanent or continuing in nature, and Plaintiff will suffer additional losses in the future as a proximate result of the actions of Norwegian.

COUNT 4: NEGLIGENT FAILURE TO WARN OF DANGER

30. Plaintiff incorporates by reference Paragraphs 11 through 24 as though fully set forth herein.

31. Norwegian, as the operator of a cruise ship sailing in navigable waters, owed Plaintiff a duty to exercise reasonable care at all times material hereto.

32. As part of such undertaking, Norwegian bore a specific duty to warn passengers when the vessel, as at the time of Plaintiff's fall, was in sea conditions that created an unreasonable risk of passengers losing their balance while in areas of the ship, such as the shower in Plaintiff's stateroom, given its inadequate grab-handles, inadequate floor slip-resistance, and inadequate additional mechanisms for preventing falls in the event of sudden, drastic ship movements.

33. Norwegian breached that duty by failing to warn passengers that the *Sky* was to encounter unusually rough seas that rendered the vessel prone to sudden, drastic ship movements. This failure came despite Norwegian's actual or constructive knowledge that that the bathroom in Plaintiff's stateroom was, as described *supra,* designed, built, and maintained in a manner that posed an unreasonable risk of passenger falls, especially in rough seas.

34. As a direct and proximate result of Norwegian's breach of its duty of reasonable care, Plaintiff sustained the damages described in Paragraph 13, *supra.* Plaintiff's losses are either permanent or continuing in nature, and Plaintiff will suffer additional losses in the future as a proximate result of the Norwegian's breach.

## IV. Request for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment finding Norwegian liable in tort to Plaintiff and awarding Plaintiff money damages; costs, interest, and attorneys' fees as authorized by law; and all other and further relief this Court deems just and proper.

## V. Jury Trial Demand

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted by:

/s/ *MaK*

**Mason Kerns** (FBN 91754)
mason@masonkernslaw.com
leticia@masonkernslaw.com
pleadings@masonkernslaw.com
**Jeremy H. Block** (FBN 121783)
jeremy@masonkernslaw.com

*for*

**MASON KERNS LAW** PA
*Attorneys for Martin Vargas Jimenez*
1814 Southwest 22nd Avenue, Suite 6
Miami, Florida 33145
P 305.726.5140 | F 305.422.0400